UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

MICHAEL AARON BURGESS                                                                 PLAINTIFF

v.                                                                   CIVIL ACTION NO. 5:12CV-P181-R

KENTUCKY STATE POLICE *et al.*                                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Seeking monetary and punitive damages, Plaintiff Michael Aaron Burgess filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Kentucky State Police (KSP) and KSP Trooper James McAuther in his official capacity. In the complaint, he alleges: "On Dec. 3, 2011, My Civil Rights was violated by the use of excessive force, by being shot 5 times by James McAuther of the (KSP) Kentucky State Police. I was physically abused after the shooting by the same officer, same dept" (emphasis in complaint).

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either

element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Plaintiff sues KSP and KSP Trooper McAuther in his official capacity for damages. A state, its agencies, and state officials sued in their official capacities for damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Thus, Plaintiff fails to state a § 1983 claim upon which relief may be granted.

In addition, official-capacity claims for damages against state officials, like Trooper McAuther, and all claims regardless of the type of relief sought against a state agency/entity, like the KSP, are barred by the Eleventh Amendment to the United States Constitution. *Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Barnes v. Hamilton*, No. 91-5360, 1991 WL 203113, at * 2 (6th Cir. Oct. 10, 1991) (affirming district court's judgment "as to the Kentucky State Police because a state agency is entitled to assert eleventh amendment sovereign immunity against claims for monetary and injunctive relief"); *Fitch v. Ky. State Police*, No. 2010 WL 4670440, at *5 (E.D. Ky. Nov. 10, 2010) ("Under well-established case law, agencies such as the Kentucky State Police and the Kentucky Transportation Cabinet may not be sued for monetary damages under 42 U.S.C. § 1983."); *Grider v. City of Russell Springs, Ky.*, No. 1:05CV137–M, 2006 WL 522213, at *1 (W.D. Ky. Mar. 1, 2006) (finding damages claims against Kentucky State Police trooper barred by Eleventh Amendment).

For these reasons, **IT IS ORDERED** that the claims against KSP and Trooper McAuther in his official capacity are **DISMISSED**.

Before dismissing the action, however, **the Court GRANTS Plaintiff 30 days within which to amend the complaint to name Trooper McAuther in his individual capacity**. Plaintiff is **warned** that his failure to comply within 30 days from entry of this Memorandum Opinion and Order **will result in dismissal** of this action.

The **Clerk of Court is DIRECTED to send Plaintiff a § 1983 form** with this case number affixed to it for Plaintiff's use should he choose to amend the complaint.

Date:

cc: Plaintiff, *pro se*
4413.005