UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**MICHAEL AARON BURGESS**                                            **PLAINTIFF**

**v.**                                                           **CIVIL ACTION NO. 5:12CV-P181-R**

**KENTUCKY STATE POLICE** *et al.*                                   **DEFENDANTS**

## MEMORANDUM AND SCHEDULING ORDER

Seeking monetary and punitive damages, Plaintiff Michael Aaron Burgess filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against the Kentucky State Police (KSP) and KSP Trooper James McAuther in his official capacity. In the complaint, he alleges: "On Dec. 3, 2011, My Civil Rights was violated by the use of excessive force, by being shot 5 times by James McAuther of the (KSP) Kentucky State Police. I was physically abused after the shooting by the same officer, same dept" (emphasis in complaint). By Memorandum Opinion and Order entered April 23, 2013, the Court conducted its initial review of the complaint pursuant to 28 U.S.C. § 1915A and dismissed the claims against KSP and Trooper McAuther in his official capacity for failure to state a claim upon which relief may be granted and for seeking monetary relief from Defendants immune from such relief (DN 6). The Court further granted Plaintiff 30 days within which to amend the complaint to name Trooper McAuther in his individual capacity.

Within the 30-day period, Plaintiff filed an amended complaint (DN 7) naming Trooper McAuther in his individual capacity; alleging that "On Dec. 3, 2011, I was shot 5 times by Trooper James McAurther in the back. I was physically abused after the shooting, by the same officer"; and seeking monetary and punitive damages and "All medical expenses & vehicle cost."

Upon initial review pursuant to 28 U.S.C. § 1915A, the Court will allow the amended complaint to continue.  **IT IS THEREFORE ORDERED** as follows:

(1)     **The Clerk of Court shall issue summons for Defendant James McAuther, and the United States Marshal shall serve a copy of the amended complaint (DN 7) and summons on Defendant in accordance with Rule 4 of the Federal Rules of Civil Procedure.**

(2)     Should Plaintiff receive notice that the summons is returned to the Court unexecuted, **Plaintiff is WARNED that he must take steps to remedy the defect in service** by providing additional information to the Court.  **Failure to do so within 120 days of entry of this Order may result in dismissal of the Defendant.**  *See* Fed. R. Civ. P. 4(m).

(3)     The answer to the complaint shall be filed no later than **21 days** after service of summons.

(4)     The parties shall serve upon opposing parties, or their counsel, a copy of each document filed in this action as required by the Federal Rules of Civil Procedure, including a certificate of service stating the date on which the copy was sent to opposing parties.  Any paper received by the Court which has not been filed with the Clerk, or which fails to include a certificate of service, **MAY BE DISREGARDED** by the Court.

(5)     The parties shall complete all pretrial discovery herein no later than **October 23, 2013**.  As a requirement of discovery, Defendant's counsel shall produce to Plaintiff all records or documentation which are relevant to the claim(s) set forth in the complaint.  <u>**Counsel shall certify that the production is complete and shall file the certification with the Court**</u>.  Within the same time, Plaintiff shall provide counsel for Defendant any records or documentation relevant to his remaining claims.  <u>**Plaintiff shall certify that production is**</u>

2

**complete and shall file the certification with the Court**. A party who wishes to file discovery material with the Court must comply with Federal Rule of Civil Procedure 5(d). *See* Fed. R. Civ. P. 5(d)(1) ("[T]he following discovery requests and responses *must not* be filed until they are used in the proceeding or the court orders filing: depositions, interrogatories, requests for documents . . ., and requests for admission.") (emphasis added).

(6) This Order does not override a party's responsibility to timely and completely respond to any discovery requests made pursuant to Federal Rules of Civil Procedure 33, 34, and 36, nor does it prevent a party from otherwise engaging in discovery that is consistent with the Federal Rules of Civil Procedure.[1]

(7) No later than **November 22, 2013**, Plaintiff shall file a pretrial memorandum setting forth in detail all facts upon which he bases his claim in this matter against Defendant.

(8) No later than **December 23, 2013**, Defendant shall file a pretrial memorandum. In lieu thereof, or if Plaintiff fails to file the required pretrial memorandum, Defendant may file any dispositive motions, including motions for summary judgment pursuant to Federal Rule Civil Procedure 56.

(9) Either party may file dispositive motions at any time after providing the discovery required above or after providing sufficient reason why discovery is unnecessary for resolution of the pending motion. All dispositive motions shall be filed no later than **December 23, 2013.**

---

[1]The Court notes, however, that this action is exempt from the initial disclosure and conference requirements of Federal Rule of Civil Procedure 26. *See* Fed. R. Civ. P. 26(a)(1)(B)(iv) ("The following proceedings are exempt from initial disclosure . . . (iv) an action brought without an attorney by a person in custody of the United States, a state, or a state subdivision."); Fed. R. Civ. P. 26(f) (parties must confer "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B)").

(10)     If any party wishes additional time to complete any of the actions directed above, a motion requesting any such extension must be filed with the Court before any such deadline expires.  Any such motion to extend any time should indicate the reasons for extension.  The Court will not grant an extension unless good cause is shown.

(11)     Should Plaintiff change addresses during the pendency of this matter, he must provide written notice of a change of address to the Clerk of Court and to Defendant's counsel. *See* L.R. 5.2(d).

(12)     Plaintiff is **WARNED** that his failure to notify the Clerk of Court of any address change or failure to comply with this or any subsequent order of the Court **MAY RESULT IN A DISMISSAL OF THIS CASE**.

(13)     The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the *Pro Se Prisoner Handbook*.

Date:

cc:      Plaintiff, *pro se*
         Defendant
4413.005

4