## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH

**MICHAEL AARON BURGESS**                                                   **PLAINTIFF**

**v.**                                                 **CIVIL ACTION NO. 5:12CV-P181-GNS**

**JAMES McAUTHER**                                                   **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

This matter is before the Court on Defendant Trooper James McAuther's Fed. R. Civ. P. 41(b) motion to dismiss the action due to *pro se* Plaintiff Michael Aaron Burgess's refusal to submit to the scheduled deposition (DN 48). For the reasons that follow, the motion will be granted.

## I.

In his motion to dismiss, Defendant, through counsel, reported that on December 12, 2015, a Saturday, he received an email from CTO Derek Miracle at the Bell County Forestry Camp (BCFC), where Plaintiff is incarcerated and where Plaintiff's deposition was scheduled to take place, stating that Plaintiff informed the Warden that he wanted an attorney and did not wish to proceed with the deposition. Defendant indicated that he informed CTO Miracle that Plaintiff had previously requested an attorney in this case and that the request was denied and further informed CTO Miracle "that unless their facility had a reason they did not want us to come that we would like to attempt to take his deposition as scheduled on [] Monday because we had already noticed the deposition and the court was closed on the weekend." Defendant reported that CTO Miracle did not respond to this email, and that on December 14, 2015, both counsel of record for Defendant arrived at BCFC "and were escorted to the multi-purpose room where the court reporter, Plaintiff, and Mr. Miracle were waiting." According to Defendant,

> Plaintiff relayed that he did not know if he wanted to give a deposition and that he wanted an attorney . . . . Plaintiff was also told it was his right to refuse but I would have to inform the court and take any actions necessary on behalf of my client.  He stated he understood and wished to make some phone calls.  He left and came back only when Mr. Miracle went and tracked him down.  At that point he refused to give the deposition that day with his only reasoning being "I am not prepared to give a deposition today."  At this point myself, Mr. Feltner, and the court reporter left.

Plaintiff did not file a response to Defendant's motion to dismiss.  By Order entered February 12, 2016, the Court gave Plaintiff an additional 21 days to file a response, and he again failed to respond.  Thereafter, by Memorandum and Order entered March 31, 2016, the Court deferred ruling on Defendant's motion to dismiss and directed Plaintiff (1) to show cause, in writing, why this action should not be dismissed for his failure to submit to a deposition and (2) to certify that he will attend and participate in a second deposition.  The Court warned Plaintiff that if he refused to participate in a second deposition, the action would be dismissed with prejudice.  The Court further warned Plaintiff that his failure to comply with any part of the Order within 30 days from its entry would result in dismissal of the action with prejudice for failure to prosecute.  The compliance time has expired without any response from Plaintiff.

## II.

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).

> When contemplating dismissal under Rule 41(b), a court must consider:
> (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

2

*Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998) (citing *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988)). "'Prior notice, or the lack thereof, is . . . a key consideration' in determining whether a district court abused its discretion in dismissing a case for failure to prosecute." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d at 615).

With respect to the first factor, Plaintiff, as described above, failed to participate in his own deposition and failed repeatedly to respond to Defendant's motion to dismiss, despite two additional opportunities to do so provided by the Court.  The Court cannot conclude that Plaintiff's failure to cooperate was not due to his willfulness, bad faith, and fault.  As to the second factor, Defendant obviously is prejudiced by Plaintiff's failure to engage in discovery. With regard to the third factor, in its prior Order, the Court specifically warned Plaintiff that his failure to comply with any part of the Order would result in dismissal of the action.  Finally, in consideration of the fourth factor, the Court has no confidence that sanctions short of dismissal would be of any use here given Plaintiff's failure to engage in discovery with Defendant and failure to comply with Court Orders.  For these reasons, the Court concludes that dismissal for failure to prosecute is warranted.

Consequently, **IT IS ORDERED** that Defendant's Rule 41(b) motion to dismiss this action (DN 48) is **GRANTED**.

Date:  May 17, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Counsel of Record
4416.005

3